**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| **YIP-HUNG FUNG** | § | |
| ***Plaintiff,*** | § | |
| | § | |
| | § | **Civil Action No. _______** |
| **VS.** | § | |
| | § | |
| **FEDEX CORPORATION** | § | |
| ***Defendant.*** | § | **JURY DEMANDED** |

## COMPLAINT

NOW COMES, Plaintiff YIP-HUNG FUNG (hereinafter referred to as "Plaintiff") and files this his *Complaint,* and in support state as follows:

### PARTIES

1. Plaintiff YIP-HUNG FUNG is an individual residing in the State of Texas.
2. Defendant FEDEX CORPORATION is a corporation that does business in the State of Texas, whose principal place of business is in Memphis, Tennessee (hereinafter referred to as "Defendant"). Defendant may be served with process by serving its registered agent, **1999 Bryan St., Ste. 900, Dallas, TX 75201-3136**.

### JURISDICTION

3. This Court has diversity jurisdiction pursuant to 28 USC § 1332 based on the complete diversity of citizenship between the parties and because the amount of controversy exceeds $75,000.00.

### VENUE

4. Venue is proper in the Northern District of Texas because: Plaintiff's Property at issue is located in Dallas County, Texas; PLAINTIFF'S losses occurred in Dllas County, Texas, and all or part of the events made the basis of this lawsuit and giving rise to PLAINTIFF'S

claims and causes of action occurred in Dallas County, Texas, which is in the Northern District of Texas.

**FACTS**

5. Plaintiff is the owner of the property located at 7810 Princeton Rd Rowlett, Texas 75089. (hereinafter referred to as “Plaintiff's Property”).
6. On or around January 12, 2024, Defendant, its agents, employees, and/or contractors operated a distribution vehicle on or near Plaintiff’s property (hereinafter referred to as the “Vehicle”).
7. The vehicle experienced a mechanical failure and was unable to continue operations. Without Plaintiff's permission, The Vehicle was intentionally left stranded on Mr. Fung’s driveway, occupying the space for an extended period and inhibiting his ability to fully use and enjoy his property (hereinafter referred to as the “Incident”).
8. In response to the Incident, Defendant, as well as its employees, agents, and contractors, attempted to retrieve the Vehicle.
9. Defendant caused significant damage to Mr. Fung's property from the time that the vehicle occupied the driveway and during the retrieval process. Specifically, during the retrieval process, the Vehicle collided with Mr. Fung’s property, which compromised the structural integrity of the property (hereinafter referred to as the “Collision”).
10. The Incident and subsequently, The Collision, directly caused damage to the Plaintiff's Property. Defendant failed to exercise ordinary care in inspecting, operating, and engaging competent and skilled individuals, which contributed to the occurrence of the Incident and the Collision.

11. The damages to Plaintiff's Property, which resulted from the Incident and the Collision include, but are not limited to, cracks in the exterior and interior walls of the home, damage to the carport, landscaping, deformations to the garage door, issues with the drainage channel system, loss of use of Plaintiff's Property, and additional damages.
12. A subsequent inspection of the Property shows that Plaintiff must spend a significant amount of money to remove, repair, and replace the damage to Plaintiff's Property.
13. A claim was opened by defendant's insurance carrier, Claim 015558-501251-AD-01 for the damages arising from, and related to, the Incident and Collision.

## CAUSES OF ACTION

14. Plaintiff is not making any claims for relief under federal law.
15. Defendant is liable to Plaintiff for the Negligence it committed in its acts and omissions that give rise to Plaintiff's claims. Defendant is also liable for its Trespass to Land and Trespass to Chattels.

### I. Negligence and Gross Negligence

16. Defendant, along with its employees, agents, and contractors, have a duty to exercise the care and diligence of an ordinarily prudent person when providing its services, particularly in the operation of large vehicles. Additionally, Defendant has a duty to conduct its services safely to prevent damage to Plaintiff's Property.
17. Defendant's employees, agents, and contractors breached its duty by failing to properly inspect and safely operate their vehicle. Similarly, the Defendant further breached its duty by failing to hire a competent and skilled entity to safely operate its equipment in retrieving the vehicle. Defendant's act and omissions fell below the standard of care of a reasonably prudent person would in this circumstance.

18. Defendant's act and/or omissions are the actual cause and the proximate cause of the damage to Plaintiff's Property. During the Incident and Collision, Plaintiff observed extensive damage to Plaintiff's Property, which include but are not limited to the exterior and interior of the home; this is damage that had not been present before. But for defendant's acts and/or omissions, the damage to plaintiff's Property would not have resulted, and they are a substantial factor in causing the damage to the property. The damage to Plaintiff's Property are a foreseeable result of the acts and/or omissions carried out by Defendant. To restore Plaintiff's Property to its prior condition, Plaintiff has incurred significant expenses for repairs.

**II. Negligent Hiring, Retention and Supervision**

19. Defendant, in the carrying out its business operations, had a duty to hired competent and fit employees, agents, and/or contractors. Defendant had a duty, by the exercise of reasonable care, to not create an unreasonable risk of harm to others.

20. Defendant breached its duty when it hired, retained, and failed to supervise its employees, agents, and/or contractors because they lacked the competence and skill which a reasonably prudent person in the circumstance would not have hired. Defendant knowingly failed to terminate dangerous employees, contractors, and/or the agent who failed to properly inspect and safely operate its Vehicle. Similarly, Defendant failed to provide the training and supervision required for its employees, agents, and/or contractors to carry out the work before and during the Incident and Collision. Defendant failed to address workplace issues, which include, but are not limited to, overlooking misconduct, and/or not creating a safe environment. Defendant's act and omissions fell below the standard of care of a reasonably prudent person would in this circumstance.

21. Defendant's act and/or omissions in the hiring, retaining, and supervising of its employees, contractors, and/or agents, are the direct cause and the proximate cause of the damage to Plaintiff's Property. During the Incident and Collision, Plaintiff observed extensive damage to Plaintiff's Property, which include but are not limited to the exterior and interior of the home; this is damage that had not been present before. But for defendant's acts and/or omissions, the damage to plaintiff's Property would not have resulted, and they are a substantial factor in causing the damage to the property. The damage to Plaintiff's Property are a foreseeable result of the acts and/or omissions carried out by Defendant. To restore Plaintiff's Property to its prior condition, Plaintiff incurred significant expenses for repairs.

**III. Trespass to Land**

22. Defendant's Vehicle physically entered the property of another.
23. Defendant intentionally entered Plaintiff's Property during the Incident and the Collision.
24. Defendant did not have Plaintiff's consent to enter Plaintiff's Property.

**IV. Trespass to Chattels**

25. Plaintiff owned, had legal possession of, and was entitled to possess Plaintiff's Property.
26. During the course of the Incident, and the subsequent Collision, Defendant intentionally deprived Plaintiff of the possession or use of his Personal Property. Defendant did not have consent, a privilege, or ownership or right to possess plaintiff's Property before, during, and throughout the Incident and the Collision.
27. Defendant's interference caused damage to Plaintiff and Plaintiff's Property.

**VICARIOUS LIABILITY**

28. In addition, and/or in the alternative, Defendant is liable to Plaintiffs for all damages alleged herein under the doctrine of vicarious liability and respondeat superior as to the

acts, omissions, negligence, and/or gross negligence of each of Defendant's contractors, employees, and/or agents.

## DAMAGES

29. Plaintiff would show that all of the aforementioned acts, taken together or singularly, constitute the producing cause of the damages sustained by the Plaintiff.

30. As previously mentioned, the damages caused by the January 12, 2024 Incident and Collision have not been properly addressed or repaired, causing further damage to Plaintiff's Property. This has caused, and continues to cause, undue hardship and burden to the Plaintiff. These damages are a direct result of Defendant's act and/or omissions which gave rise to the violation of the common law, as set forth above.

31. For the causes of actions described herein, Plaintiff is entitled to some or all of the following: actual, economic, and compensatory damages, damages for mental anguish and emotional distress, court costs, exemplary damages, attorney's fees, as well as prejudgement and postjudgement interest.

32. Plaintiff has been compelled to engage the services of the attorney whose name is subscribed to this pleading. Therefore, Plaintiff is entitled to recover a sum for the reasonable and necessary services of Plaintiff's attorney in the preparation and trial of this action, including any appeals to the Court of Appeals and/or the Supreme Court of Texas.

## JURY DEMAND

33. Plaintiff requests that all causes of action herein be tried before a jury consisting of citizens residing in Dallas, County, Texas.

34. Plaintiff tendered the appropriate jury fee.

## PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiff prays that upon trial hereof, said Plaintiff has and recovers such sums as would reasonably and justly compensate them in accordance with the rules of law and procedure, as to actual damages, treble damages, and all punitive and exemplary damages found. Additionally, Plaintiff requests the award of attorney's fees for the trial and any appeal of this case, for all costs of Court on his behalf expended, for prejudgement and postjudgement interest as allowed by law, and for any other and further relief, either at law or in equity, to which he may show himself justly entitled.

Dated: January 3, 2025

Respectfully submitted,

*/s/ Omar Ochoa*
Omar Ochoa
Tex. Bar No. 24079813
**OMAR OCHOA LAW FIRM PC**
121 N. 10th Street
McAllen, Texas 78501
Tel: (956) 630-3266
oochoa@omarochoalaw.com

*/s/ Victor Rodriguez Jr.*
Victor Rodriguez Jr.
Tex. Bar No. 24041809
**VICTOR RODRIGUEZ LAW FIRM PLLC**
121 N. 10th Street
McAllen, Texas 78501
Tel: (956) 630-3266
victor@vrodriguezlaw.com

***ATTORNEYS FOR PLAINTIFF***